1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8
    Edwin Cortes,                    )    No. CV-12-2204 PHX-DGC
9                                     )
                   Plaintiff,         )    **ORDER**
10                                    )
    vs.                               )
11                                    )
    State of Arizona,                 )
12                                    )
                   Defendant.         )
13   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯     )

14          Plaintiff commenced this action by filing a pro se complaint on October 15, 2012.

15   Doc. 1.  Plaintiff filed a motion to amend and amended complaint on October 22, 2012.

16   Docs. 8, 9.  Plaintiff has filed a motion to proceed in forma pauperis.  Doc. 3.  For reasons

17   that follow, the Court will dismiss the complaint and deny the motions without prejudice.

18   **I.     Dismissal of the Complaint.**

19          A complaint must plead "enough facts to state a claim to relief that is plausible on its

20   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard . . .

21   asks for more than a sheer possibility that a defendant has acted unlawfully," demanding

22   instead sufficient factual allegations to allow "the court to draw the reasonable inference that

23   the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

24   (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

25   possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

26   pleader is entitled to relief.'"  *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

27          Plaintiff's complaint does not satisfy the pleading requirements set forth in *Twombly*

28   and *Iqbal*.  The entirety of the complaint is an incoherent and disjointed, very brief story

1    about an event apparently involving the Phoenix Municipal Court. Doc. 9 at 2. On the front

2    page, Plaintiff states that his claims relate to a federal question 28 USC § 1331, but it is

3    unclear from the factual narrative how Defendant is liable for any such claims. *Id.* at 1. ]

4        Among its many defects, the complaint does not adequately allege subject matter

5    jurisdiction.  "Federal courts are courts of limited jurisdiction. They possess only that power

6    authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

7    U.S. 375, 377 (1994).  Pursuant to federal statutes, this Court has subject matter jurisdiction

8    over a case only if it arises under federal law or the amount in controversy exceeds $75,000

9    and the parties are citizens of different states.  *See* 28 U.S.C. §§ 1331, 1332(a).  The

10   complaint does not explain why this Court has subject matter jurisdiction.  The Court will

11   dismiss the complaint without prejudice.  Plaintiff shall have until **February 15, 2013** to file

12   an amended complaint.

13       For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal

14   Rules of Civil Procedure.  Rule 8(a) provides that a complaint "shall contain (1) a short and

15   plain statement of the grounds upon which the court's jurisdiction depends, . . .  (2) a short

16   and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

17   demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  These pleading

18   requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be

19   numbered in consecutive order.  Each paragraph must be "simple, concise, and direct." Fed.

20   R. Civ. P. 8(d)(1).

21       Plaintiff is advised that vague references are insufficient to satisfy the pleading

22   requirements of Rule 8.  The amended complaint must give each Defendant "fair notice of

23   what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425

24   F.3d 671, 676 (9th Cir. 2005).  This includes some factual basis for each claim asserted and

25   the specific legal theory supporting the claim.  "Threadbare recitals of the elements of a

26   cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

27   at 1949.

28

## II.     Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

Plaintiff is further advised that he is responsible for having the summons and complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1.     Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice. Plaintiff shall have until **February 15, 2013** to file an amended complaint.

2.     Plaintiff's motion to amend (Doc. 8) is **denied**.

3.     Plaintiff's motion to proceed informa pauperis (Doc. 3) is **denied** without prejudice. Plaintiff may re-file the motion if he files an amended complaint.

1    4.    The Clerk is directed to terminate this action without notice if Plaintiff fails to

2          comply with this order.

3    DATED this 15th day of January, 2013.

4

5

6

7                                        David G. Campbell
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28